## CIRCUIT COURT OF FAIRFAX COUNTY

McCall

v.

C. & P. Telephone Co.

### February 24, 1983

### Case No. (Law) 57391

### By JUDGE F. BRUCE BACH

This case is before the Court on Defendant's Motion to enforce statutory and tariff limitation on damages. The gist of Defendant's argument is that General Regulations Tariff S.C.C. Va. No. 201 ("Tariff No. 201") constitutes a regulation on file with the State Corporation Commission and, thus, this Court, pursuant to Va. Code Section 56-480, is precluded from reviewing the tariff and must apply its provisions limiting damages. After reviewing the helpful memoranda of both counsel, this Court is of the opinion that Va. Code Section 56-480 was not intended to shield the Defendant from liability for negligent acts.

Va. Code Section 56-480 provides, in pertinent part:

The reasonableness, justice and validity of any rate, charge, rule, regulation or requirement on file with the Commission for any telephone company shall not be questioned in any suit brought by any person in the courts of this State against any such telephone company, wherein is involved the *charges of such company for the transmission of messages, or the efficiency of the public service* and in all the courts of this State they shall be conclusively presumed to be reasonable, just and valid. (Emphasis added.)

The statute contemplates only two situations in which a court is precluded from questioning the validity of a regulation filed with the Commission. These include those cases which involve regulations concerning rates charged by the utility and the degree of efficiency owed to the public at large. The case at bar alleges negligence by the Defendant in providing services; it does not contest the validity of rates or the general efficiency of Defendant's service to the public at large.

The Defendant's interpretation of Va. Code Section 56-480 seems to suggest that *any* tariff on file with the Commission would be unreviewable by the courts. A closer understanding of the administrative process involved reveals the error in such an interpretation. Va. Code Section 56-240 outlines the procedure for promulgating company-made rules and provides such rules will be effective as filed by the company unless challenged by the Commission. Section 56-480 precludes initial judicial scrutiny of only those company-made rules dealing with rates and efficiency in general. In this way, the General Assembly assured uniformity of rates and levels of service within the Commonwealth. It did not intend to provide a shield of legitimacy for any regulation a public utility cared to file.

Va. Code Section 56-476 is further evidence that the General Assembly did not intend Section 56-480 to apply to all company-made tariffs. It provides that:

> No company doing business as a telephone or telegraph company in this State shall have the right, *by contract or otherwise*, to limit, evade, or restrict in any manner whatsoever its liability for negligence in sending, receiving, or delivering any dispatch or message delivered to it in the regular course of business. (Code 1919, Section 4050.) (Emphasis added.)

The Defendant explains the apparent inconsistency in the two statutes by claiming the section applies only to telephone companies transmitting telegrams. The Court could not accept this argument without applying it to Section 56-480 as well. Instead, the Court reads Section 56-476 as a clear prohibition of attempts by the Defendant

to limit its liability, either by contract or company-made tariff.

The Court acknowledges the Defendant's citation of cases in other jurisdictions upholding tariffs similar to the one in the case at bar. These cases were not persuasive in light of the clear language of the Virginia statutes at issue.

It is, therefore, the Order of this Court that Defendant's Motion be denied.